IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PERNELL STROMAN, :
:
      Plaintiff, :
:
v. : Civ. No. 22-322-GBW
:
UNITED STATES SECRETARY OF :
TREASURY, :
:
      Defendant. :

Pernell Stroman, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 4, 2022
Wilmington, Delaware

**WILLIAMS, United States District Judge:**

## I. INTRODUCTION

Plaintiff Pernell Stroman, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action on March 14, 2022. (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. The Court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff filed his Complaint on a form designed for claims arising under 28 U.S.C. § 2254. The pleading does not state a claim under § 2254 and more properly arises as a civil rights claim.

The pleading is not a model of clarity. It does not contain any specific facts. It refers to Plaintiff's criminal case, No. 0906011571, wherein he plead guilty of Murder 1, Burglary 1, and Possession of a Deadly Weapon during the Commission of a Felony. (D.I. 2 at 1) Plaintiff asks the Court to "show cause why the case should not be dismissed." (*Id.* at 15?) He signs the pleading as "I, the grantor, hereby grant, convey, assign, discharge, settle, extinguish, pay such issues required to settle all liability of the defendant P. Lez Stroman" and "I hereby grant

and convey such issues as to satisfy". (*Id.*) Exhibits attached to the pleading include an affidavit that he is the third party intervenor and is claiming interest in criminal case no. 0906011571; a statement that he is the real party in interest holding equitable title of the entire case, in the private; a number of documents directed to the United States Secretary of Treasury, trustee, from Plaintiff. It may be that the documents are intended to release any obligations, financial or otherwise, of Plaintiff.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his

2

pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment

would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify

allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff names the United States Secretary of Treasury as a defendant. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity also applies to claims against federal government officials acting in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). Sovereign immunity may be waived only if the government consents to suit. *Presidential Gardens Assocs. v. United States ex rel. Sec'y of Hous. and Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999) ("The sovereign immunity of the

5

United States may only be waived by federal statute."). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). "The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that his claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal citation omitted).

Plaintiff must demonstrate his suit against Defendant falls within a valid waiver of sovereign immunity. Plaintiff has not established any waiver of sovereign immunity permitting suit against Defendant. Accordingly, the claims against Defendant will be dismissed as frivolous. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit." (internal quotation marks omitted)).

Plaintiff names a federal defendant and, therefore, the claim could be construed as a Bivens claim against Defendant in her official capacity. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Federal courts recognize a cause of action for damages against federal officers acting in their individual capacities who are alleged to have violated a

6

citizen's constitutional rights. *Bivens*, 403 U.S. 388, 397 (1971). *Bivens* provides a damages remedy for constitutional violations committed by federal actors in very limited circumstances. *Egbert v. Boule*, __U.S.__, __S. Ct.__, 2022 WL 2056291, at *3 (U.S. June 8, 2022); *Ziglar v. Abbasi*, __U.S.__, 137 S. Ct. 1843, 1854 (2017). The Supreme Court has recognized an implied private action against federal officials in three cases, as follows: (1) Bivens itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *see also Abbasi*, __U.S.__, 137 S. Ct. at 1855 ("These three cases - Bivens, Davis, and Carlson - represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself."). Plaintiff's allegations and exhibits do not state claims under any of the three recognized *Bivens* claims, and any claims Plaintiff sought to raise will be dismissed.

7

While doubtful, it is possible that Plaintiff intended to raise claims under the Federal Torts Claim Act ("FTCA"). The FTCA waives the United States' sovereign immunity for claims sounding in state tort law for money damages. 28 U.S.C. § 2674 (waiving sovereign immunity to make the United States liable "in the same manner and to the same extent as a private individual under like circumstances"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) ("The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions.'" [quoting *Richards v. United States,* 369 U.S. 1, 6 (1962)]); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456-57 (3d Cir. 2010). This waiver of immunity is subject to certain limitations and jurisdictional requirements. First, the United States is the only proper defendant in an FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). Second, a plaintiff must exhaust administrative remedies as a prerequisite to filing a lawsuit under the FTCA. *See* 28 U.S.C. § 2675(a). In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (stating that exhaustion is "jurisdictional and cannot be waived").

The Complaint does not name the United States as a defendant, and it does not plead any facts that speak to administrative exhaustion. Therefore, to the extent Plaintiff intended to raise an FTCA, the case will be dismissed.

Finally, even had Plaintiff named the proper defendant for a Bivens or FTCA claim, the Complaint does not allege sufficient facts to state a plausible claim. Based upon a review of Plaintiff's submissions, the Court concludes the claims are frivolous and that Plaintiff has failed to state a claim upon which relief can be granted.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Amendment is futile.

An appropriate order will be entered.